# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:09-CR-38 |
| | ) |
| ROGER SLONE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Government'S Motion in Limine to Prohibit Reference to any Penalties the Defendant May Face, filed on July 21, 2009 [DE 98]; (2) Government's Motion in Limine to Prohibit the Impeachment of Government Witnesses with Prior "Bad Acts" Including Arrests that Have not Resulted in Convictions, filed on July 21, 2009 [DE 99]; and (3) Government's Motion in Limine to Preclude Cross-Examination, Defense Evidence, and Defense Argument on Irrelevant Collateral Matters Concerning the Legality of the Traffic Stop, filed on July 21, 2009 [DE 101].

For the reasons set forth below, Government'S Motion in Limine to Prohibit Reference to any Penalties the Defendant May Face is **GRANTED;** Government's Motion in Limine to Prohibit the Impeachment of Government Witnesses with Prior "Bad Acts" Including Arrests that Have not Resulted in Convictions is **GRANTED;** and Government's Motion in

Limine to Preclude Cross-Examination, Defense Evidence, and Defense Argument on Irrelevant Collateral Matters Concerning the Legality of the Traffic Stop is **DENIED**.

DISCUSSION

This Court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine. *Falk v. Kimberly Servs., Inc.*, 1997 WL 201568, *1 (N.D. Ill. 1997). Denial of a motion in limine does not automatically mean that all evidence contemplated by the motion will be admitted at trial. *Hawthorne Partners v. AT&T Techs. Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Likewise, the granting of a motion in limine does not automatically mean that all evidence contemplated by the motion will be rejected at trial. Instead, the Court will entertain objections to individual proffers as they occur at trial. *Id.* In any event, this Court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). With these principles in mind, this Court turns to the present motions.

References to Penalties Defendant May Face

The Government requests an order baring the presentation of any argument or evidence regarding penalties in this case in any way, whether related to a potential mandatory minimum penalty of ten (10) years, or a potential maximum penalty of life imprisonment, or in any

other regard.  The Government claims that the jury plays no roll in the sentence the defendant will receive upon conviction.  In response, Slone argues that, in fact, the jury (if it finds Slone guilty of the alleged conspiracy) will be asked to make a specific finding about the quantity of the controlled substance for which Slone will be held accountable at sentencing.  This finding ultimately determines the minimum penalty that will be imposed as a result of a guilty finding.  Accordingly, Slone argues that the jury is entitled to know the consequences of its choice, much as it is entitled to know the consequences of such a choice in the punishment phase of a capital trial.  Slone's argument is unconvincing.  The only purpose suggested by Slone for the jury being advised of the consequences of its finding regarding drug quantity is jury nullification.  Providing information regarding the potential penalties for the crime at hand would only encourage the jury to consider matters outside its province, and would distract them from their fact-finding responsibilities.  At this point, Defendant has failed to come forward with an admissible theory for the introduction of evidence or comments regarding the consequences of the jury's findings on the issue of drug quantity.  Accordingly, the Government's motion in limine to bar the presentation of any argument or evidence regarding penalties in this case in any way is **GRANTED.**

Impeachment of Government Witnesses with Prior "Bad Acts" Including Arrests that Have not Resulted in Convictions

The Government requests an order baring the presentation of evidence regarding "bad acts," including arrests that have not resulted in convictions concerning government witnesses. At this point, the Government has not provided Slone with criminal histories for the co-defendants, and the Court is perhaps at a bit of a disadvantage because it is not clear from the motions what bad acts may be at issue.

What is clear is that Federal Rule of Evidence 608(b) prohibits evidence about arrests and other prior misconduct for impeachment purposes unless it bears on the witness' truthfulness. Because there is room for disagreement on what may bear on a witness' truthfulness, and that inquire may be fact sensitive, it seems prudent to use caution when venturing into the area of prior bad acts. For that reason, this Court **GRANTS** the Government's motion. There are certainly some circumstances where evidence of bad acts may be admissible. But, in this case, the Defendant's attorney will be required to approach the bench for a ruling prior to impeaching Government witnesses regarding prior bad acts.


Cross-Examination, Defense Evidence, and Defense Argument on Irrelevant Collateral Matters Concerning the Legality of the Traffic Stop

The Government requests an order baring cross-examination of government witnesses, and baring argument to the jury, about any

allegedly improper motivation of the officers involved in stopping the defendant's vehicle, the legality of the search of the defendant's car, and any minor inconsistencies in the officers' testimony at the suppression hearing concerning collateral matters.  Defendant, on the other hand, claims that the Government's request is both vague and over-broad. Although this Court does not intent to allow the Defendant to re-litigate the motion to suppress, or to conduct a mini-trial on any collateral of irrelevant issues, the Government's request is extremely broad.  This Court is concerned that granting this request, as stated, may unfairly impinge on the Defendant's ability to present his defense.  Accordingly, the Government's Motion in Limine to Preclude Cross-Examination, Defense Evidence, and Defense Argument on Irrelevant Collateral Matters Concerning the Legality of the Traffic Stop is **DENIED.**

CONCLUSION

For the reasons set forth above, Government's Motion in Limine to Prohibit Reference to any Penalties the Defendant May Face is **GRANTED;** Government's Motion in Limine to Prohibit the Impeachment of Government Witnesses with Prior "Bad Acts" Including Arrests that Have not Resulted in Convictions is **GRANTED;** and Government's Motion in Limine to Preclude Cross-Examination, Defense Evidence, and Defense

Argument on Irrelevant Collateral Matters Concerning the Legality of the Traffic Stop is **DENIED**.

**DATED: August 5, 2009**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**